IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. GLR-20-08 |
| TREVERRICK ROBINSON | * | |
| | * * * | |

## MEMORANDUM AND ORDER

Pending before the Court is Treverrick Robinson's ("Defendant") Motion to Appeal an Order of Detention pursuant to 18 U.S.C. § 3145(b). ECF No. 30. The Motion is ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the foregoing reasons, the Motion will be denied and the Defendant will remain detained. The District Court reviews detention decisions de novo. United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001).

On January 9, 2020, a Federal Grand Jury for the District of Maryland returned an Indictment charging the Defendant with distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and two counts of a possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). ECF No. 1. On January 14, 2020, the Defendant was arrested pursuant to the Indictment. ECF No. 7. Subsequent to a detention hearing, held on January 16, 2020, United States Magistrate Judge Thomas DiGirolamo ordered the Defendant detained finding by clear and convincing evidence that there were no conditions, or combination of conditions, which would reasonably ensure community safety. ECF No. 13. In reaching this decision, Judge DiGirolamo considered the nature and circumstances of the offense; the weight of the evidence; the Defendant's previous criminal history; as well as the Defendant being on unsupervised probation for a previous controlled dangerous substance offense at the time of the instant offense. Further, Judge

DiGirolamo found that the Defendant had failed to rebut the presumption favoring detention under § 3142(e) as to the Defendant's danger to the community. ECF No. 13.

On March 31, 2020, the Defendant filed a Motion to Reopen the Detention Hearing, seeking his release from detention in light of COVID-19, the presence of COVID-19 in the Department of Corrections ("DOC"), and the failure of the D.C. DOC to adequately implement measures to prevent the spread of the virus. ECF No. 24. Subsequent to the Motion being fully briefed, Judge DiGirolamo issued a Memorandum Opinion and Order granting in part and denying in part the pending Motion. ECF No. 27. Specifically, Judge DiGirolamo granted the Defendant's Motion to Reopen the Detention Hearing, but denied his request for relief. ECF No. 27. On May 27, 2020, the Defendant filed the present appeal of the previously-imposed detention order.

The gravamen of the Defendant's appeal is that the precautionary measures instituted to prevent transmission of COVID-19 into the DOC facilities, specifically the D.C. jail, are insufficient to prevent the spread and placed the Defendant at a high risk of contracting the virus. The Defendant, in his Motion, cites to transcript exchanges, as well as reports from experts outlining the conditions within the D.C. facility, as well as a recent Memorandum Opinion in Banks v. Booth, See Id. No. 20-849 (CKK), ECF No. 100 (D.D.C. June 18, 2020) which granted in part the Plaintiff's Amended Motion for Preliminary Injunction relating to the current conditions of their confinement in the D.C. jail during the pandemic. Defendant argues that these findings support the conclusion that the Defendant's continued confinement within the facility is violative of his constitutional rights and places him at an unreasonably higher risk of contracting the virus, as well as significant physical injury if this occurs. Further, the Defendant argues when balancing the other § 3142 Bail Reform Act factors, the weight tips in favor the Defendant's release versus continued detention for community safety.

2

As to the other § 3142 factors, the Defendant argues: (1) he is 21 years old and "has every reason to abide by the conditions of his release" (ECF No. 30 at p. 11); (2) he has "maintained strong ties with his family, including his mother, who has offered to serve as a third-party custodian; (3) the Defendant "eagerly awaits the birth of his daughter at the end of June and the knowledge of his impending fatherhood has dramatically changed his outlook on life and his priorities"; and (4) putting his mother at risk by failing to abide by very strict conditions of home detention.

As to the nature and circumstances of the offense, Defendant argues there is no allegation he himself used any firearms and he has no violent convictions. The Defendant acknowledges he has a conviction for attempted distribution of marijuana which resulted in a Probation Before Judgment and a 2018 conviction for possession of a handgun in which he received six months in jail.

As to the weight of the evidence, Defendant argues that he is not a "well established arms dealer." Although it is alleged that the Defendant sold two semi-automatic rifles to an undercover and confidential informant on two separate occasions. Based upon the government's representations, the Defendant argues, at minimum, he is a low-level drug dealer who facilitated the sale of firearms.

Finally, the Defendant indicates that the third-party custodian's residence is far removed from the area where the alleged crimes were committed. Further, that the Defendant's mother works at home and is in a good position to be an attentive third-party custodian.

The government opposes the Defendant's release first arguing that the current COVID-19 pandemic and the response by correctional authorities to conditions in the D.C. jail do not mandate release. The government points out that the most recent opinion ordering injunctive relief fails to

3

order the release of inmates confined and housed within that facility and that the facility continues to make efforts to prevent the spread of the virus. The government concedes, however, the conditions in the facility are far from perfect but even Judge Kollar-Kotelly has acknowledge conditions are improving.

As to the other § 3142 factors the government argues the nature and circumstances of the offense are quite serious. Specifically, on three separate occasions the Defendant sold crack cocaine to an undercover and confidential informant. On two other separate occasions the Defendant sold semiautomatic rifles to an undercover and confidential informant. This factor tips in favor of the government. The distribution of guns and drugs is ravaging the community through senseless deaths and violence.

The weight of the evidence also tips in favor of detention. Both the drug transactions and firearms transactions were recorded on video. As a result, at this preliminary stage, the governments cases appears strong.

As to the history and characteristics of the Defendant the government notes that the defendant has convictions for firearms violations and at least one distribution offense. Further, and most importantly, the government argues, and the Defendant does not dispute, that the Defendant was on unsupervised probation at the time he committed the instant offenses.  The Court is very troubled by this proffer and as a result, despite the Defendant's assurances and proposed conditions, the Court is persuaded this factor tips in favor of detention.

Preliminarily, it is undisputed that there is a rebuttable presumption favoring detention pursuant to 18 U.S.C. § 3142(e).  As to Count 1 of the Second Superseding Indictment, the Defendant faces a minimum mandatory sentence of 10 years and a maximum sentence of life imprisonment.

The Court next considers the factors set forth in 3142(g). These factors include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has carefully considered the decisions in Banks, analyzing the current conditions in CTF and the government response to protecting and treating inmates in light of the pandemic. Further, the Court is aware of the recent injunctive relief ordered to ensure the prison population is protected.[1]

Based upon the record before me, and balancing the health risk to the Defendant against other Bail Reform Act factors in the present case, the rebuttable presumption favoring detention has not been overcome and the Court finds by clear and convincing evidence, that no condition, or combination of conditions, would reasonably ensure community safety.

---

[1] Although Judge Kollar-Kotelly has concluded that the D.C. Department of Corrections must take additional steps in regard to the COVID-19 pandemic, Judge Kollar-Kotelly has not ordered that all inmates be released.

For the aforementioned reasons, Defendant's Motion for Review of Detention Order, ECF No. 30, is DENIED.

SO ORDERED this 2nd day of July 2020.

/s/
_____
George L. Russell, III
United States District Judge