

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

| | | |
|---|---|---|
| *Paul Riley* | *Suite 400* | *DIRECT: 410-209-4959* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Paul.Riley@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3091* |

January 21, 2021

<u>**VIA ECF**</u>

The Honorable George L. Russell III
United States District Judge
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re:     *United States v. Treverrick Robinson*, Criminal No. GLR-20-08

Dear Judge Russell:

The Government writes this letter in advance of the anticipated guilty plea and sentencing of Defendant Treverrick Robinson, which is scheduled for January 28, 2021 at 10:00 AM.  It is anticipated that the Defendant will plead to Count Two of the Indictment charging him with Felon in Possession of a Firearm in violation of  18 U.S.C. § 922(g).

Defendant's total offense level is 19, and he is a criminal history category III.  Thus, the advisory guidelines provide for a range of 37 to 46 months' imprisonment.

As set forth more fully below, the Government requests that the Court sentence the Defendant to a term of imprisonment of 33 months—the same recommended term of imprisonment agreed upon by the parties' in their plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(c).

**I.     Background**

As agreed by the parties in the plea agreement, in the spring of 2019, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began an investigation into drug trafficking activity in the Pigtown area of Baltimore City, which was prompted by heavy drug activity in the area, as well as various shootings and homicides.  In connection with investigation, the ATF placed an undercover ATF Special Agent ("UC") and Confidential Informant ("CI") in the area who conducted controlled purchases of drugs and firearms from Treverrick Robinson and others—many of which were audio and visually recorded.

The ATF CI and UC conducted controlled purchases of cocaine base (as confirmed by later obtained lab results) from Robinson on May 10, 2019, May 17, 2019, and May 23, 2019.  More specifically, (1) on May 10, 2019, Robinson sold the CI and UC 8 "trash cans" containing cocaine base; (2) on May 17, 2019, Robinson sold the CI and UC 20 red top vials containing cocaine base; and (3) on May 23, 2019, Robinson sold the CI and UC 20 orange top vials containing cocaine base.

Further, in October 2019, the ATF CI and UC purchased two semi-automatic rifles from Robinson—one on October 24th and the other on October 30th.  More specifically, on October 24, 2019, Robinson sold the CI and UC a loaded Del-Ton, Inc., Model DTI-15, 5.56 caliber rifle, bearing

serial number DTI-S096147, a semiautomatic firearm that is capable of accepting a large capacity magazine. Likewise, on October 30, 2019, Robinson sold the CI and UC a loaded Hi-Point, Model 4095, .40 caliber rifle, bearing serial number H28667, another semiautomatic firearm. Both of the firearms were manufactured outside of the District of Maryland.

Prior to selling these firearms to the ATF CI and UC, Robinson possessed them. He was prohibited from doing so, having sustained past convictions for Handgun on Person and Attempted Controlled Dangerous Substance: Manufacture, Distribute. Robinson knew that he was prohibited from possessing firearms or ammunition.

## II.    Guidelines Computation

As agreed upon by the parties, Defendant's offense level as to Count Two—Felon in Possession of a Firearm—is calculated at an adjusted level of 19, after taking into account Defendant's accept of responsibility. Plea Agreement at 4-5.[1] Further, there is no dispute that Defendant is a Criminal History Category III. Pre-Plea Investigation Criminal History Report at 3. Thus, the guidelines range is 37-46 months' imprisonment. *Id.*

## III.   Sentencing Factors Under 18 U.S.C. § 3553(a)

A sentence of 33 months' imprisonment—the parties' recommended disposition pursuant to Fed. R. Crim. P. 11(c)(1)(C)—is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Consideration of several of the Section 3553(a) factors supports such a sentence.

As an initial matter, such a sentence is appropriate in light of the nature and circumstances of the offense. As noted above, Defendant's crime is undoubtedly serious. The Defendant on multiple occasions sold crack cocaine to an ATF undercover CI. Further, the Defendant's offense is likewise aggravated by the fact that he not only engaged in the business of selling illegal drugs, but also was all too willing to sell firearms for profit in connection with that illegal business. Indeed, on two occasions, sold two high-powered semi-automatic assault rifles to the ATF CI.

The human toll of the drug epidemic is well-documented and the danger that firearms—and particularly firearms being sold in tandem with illegal drugs—pose is significant. Indeed, it goes without saying that drugs and firearms are a volatile and potentially deadly combination anywhere—but particularly in Baltimore City given its current climate.

And though it appears to be true that the Defendant was a street-level seller of drugs—rather than a source of a supply—the fact remains that he committed a serious crime, and that crime warrants a serious punishment.

A sentence of 33 months imprisonment is also necessary to deter the Defendant from participating in criminal acts of this sort in the future. The Defendant has two past convictions—one involving a firearm and one involving the sale of drugs (marijuana). Given the Defendant's relative lack of criminal history and lack of time spent in prison, it is hard to say exactly how long of a sentence will deter the Defendant from engaging in further criminal, but a sentence of 33 months will likely provide a sufficient measure of deterrence. General deterrence is likewise important in this case. Those who would consider selling drugs and firearms—and particularly high powered

---

[1] Although the parties' plea agreement notes a dispute between the parties as to the applicability of the enhancement pursuant to U.S.S.G. § 2K2.1(a)(3), Defendant's counsel has informed the undersigned that the defense will not oppose the applicability of the enhancement and will not contest the issue at sentencing.

assault rifles—as a way to make money quickly need to know that they will face significant consequences if they choose to do so and are caught and prosecuted.

A 33 month sentence—a variant sentence beneath the guidelines—likewise takes into account Defendant's history and characteristics, including his age and lack of significant criminal history.

### IV.   The Government's Sentencing Recommendation

In light of all of the factors set forth above, the Government recommends that the Court sentence the Defendant to term of imprisonment of 33 months' imprisonment.  Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under 18 U.S.C. § 3553(a).

Respectfully submitted,

Robert K. Hur
United States Attorney

_____/s/_____

By:     Paul A. Riley
Lauren E. Perry
Assistant United States Attorneys


cc:     Defendant's counsel (by ECF)
Helen Domico, United States Probation